IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUSTIN WILSON TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 6:06cv376 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dustin Taylor, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor says that he was convicted of attempted murder on August 30, 2005, receiving a sentence of 10 years in prison.  He states that he attempted a *pro se* appeal, but that this was refused by the Twelfth Judicial District Court of Appeals in June of 2006.  Taylor did not seek discretionary review, but says that he filed a state habeas petition on April 19, 2006, which was denied in June of 2006.

The Twelfth Court of Appeals issued a written decision in Taylor's case, which explains the chronology.  Taylor pleaded guilty to attempted murder on August 30, 2005, but did not file a notice of appeal until April 12, 2006, at which time he tried to appeal the trial court's denial of his "ex parte motion for post-conviction notice of appeal out of time or a new trial for good cause shown."  On April 26, 2006, the Court of Appeals notified Taylor that the information received in the appeal did not show that the appellate court had jurisdiction, in that no final judgment or other appealable order was contained therein, and so the appeal would be dismissed unless the information was amended

1

on or before May 8, 2006, to show the jurisdiction of the Court of Appeals.  Taylor filed a response on May 8, but did not amend the previously received information, and so his appeal was dismissed for want of jurisdiction.

Taylor attached a copy of his state habeas corpus application to his federal petition.  This copy showed that the state petition was filed on April 19, 2006, by the Rusk County Clerk, and was transmitted to the Texas Court of Criminal Appeals on May 17, 2006.  This state habeas corpus application was dismissed on May 31, 2006, because Taylor's direct appeal was pending at the time that he filed the state petition.

After review of the records, the Magistrate Judge issued a Report on September 8, 2006, recommending that the petition be dismissed without prejudice for failure to exhaust state remedies.  The Magistrate Judge noted that Taylor had never presented his claims to the Court of Criminal Appeals in a procedurally proper manner; he did not seek discretionary review from the Court of Appeals' dismissal of his direct appeal, and his state habeas petition was not fairly presented to the Court of Criminal Appeals because it was improperly filed, in that it was filed while his direct appeal was still pending.

Taylor filed objections to the Magistrate Judge's Report on September 20, 2006.  In his objections, Taylor argues that because he filed his state habeas petition and it was sent to the Court of Criminal Appeals, that court could have ruled on the petition, so he has exhausted his state remedies.  Taylor wholly overlooks the fact that his state petition was not properly filed because his direct appeal was pending in the Court of Appeals at the time that he filed his state habeas petition; as a result, the Court of Criminal Appeals lacked jurisdiction to consider the state habeas petition.  Ex Parte Johnson, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000).  Taylor did not present his claims to the highest state court in a procedurally proper manner, and so the Magistrate Judge did not err in concluding that he had failed to exhaust his state remedies.  *See* Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust state remedies.  It is further

ORDERED that a certificate of appealability is DENIED *sua sponte*.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of October, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**